J-S41029-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| CARLOS MANUEL RIVERA | : | |
| | : | |
| Appellant | : | No. 450 MDA 2019 |

Appeal from the Order Entered February 26, 2019
In the Court of Common Pleas of Berks County Criminal Division at
No(s): CP-06-CR-0003122-2007

BEFORE: LAZARUS, J., MURRAY, J., and STRASSBURGER*, J.

MEMORANDUM BY MURRAY, J.: **FILED AUGUST 16, 2019**

Carlos Manuel Rivera (Appellant) appeals *pro se* from the order denying his *pro se* "Petition for Time Credit and Correction of the Illegal Sentence *Nunc Pro Tunc*." We affirm.

On October 16, 2007, Appellant pled guilty to one count of robbery (18 Pa.C.S.A. § 3701(a)(1)(ii)). The same day, the trial court sentenced Appellant to 30 to 60 months of incarceration, followed by 5 years of probation. Appellant did not file any post-sentence motions or a direct appeal.

On April 10, 2013, at the conclusion of a **Gagnon II**[1] hearing, the trial court determined that Appellant had violated his probation based on a simple assault conviction in an unrelated matter at Docket Number CP-06-CR-0003202-2012 (3202-2012). Consequently, the court revoked Appellant's

_____

[1] **Gagnon v. Scarpelli**, 411 U.S. 778 (1973).

_____

* Retired Senior Judge assigned to the Superior Court.

probation in this matter. The same day, the trial court sentenced Appellant to 6 months to 4 years of incarceration. The trial court ordered Appellant's probation revocation sentence to run consecutive to his sentence of 6 months to 2 years of incarceration at Docket Number 3202-2012. Once again, Appellant did not pursue a direct appeal.

On August 29, 2016, Appellant filed a *pro se* petition pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546. On September 2, 2016, the PCRA court appointed counsel to represent Appellant during his PCRA proceedings. On December 6, 2016, appointed counsel filed a petition to withdraw as counsel and a no-merit letter pursuant to **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988), and **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (*en banc*), on the basis that Appellant's PCRA petition was untimely. On May 4, 2017, the PCRA court entered orders granting counsel's petition to withdraw and issuing notice of its intent to dismiss Appellant's PCRA petition without a hearing pursuant to Pennsylvania Rule of Appellate Procedure 907. On June 12, 2017, the PCRA court formally dismissed Appellant's PCRA petition. Appellant timely appealed to this Court *pro se*. This Court, however, dismissed Appellant's appeal for failure to file an appellate brief.

On February 21, 2019, Appellant filed the instant "Petition for Time Credit and Correction of the Illegal Sentence *Nunc Pro Tunc*." The trial court did not construe this filing as second or subsequent PCRA petition. Instead,

on February 26, 2019, the trial court denied Appellant's petition on the basis that it no longer had jurisdiction over the matter because it only retained the ability to modify sentencing orders for 30 days following the imposition of the sentence. Trial Court Opinion, 4/4/19, at 2 (unnumbered). Appellant filed this timely *pro se* appeal.[2]

On appeal, Appellant presents the following issues for review:

1.      DID THE LOWER COURT ERROR [*sic*] WHEN IT FAILED TO CREDIT [APPELLANT] FOR TIME SERVED WHEN THE ORIGINAL AND THE RESENTENCE SENTENCING WHERE [*sic*] BASED ON THE SAME COUNT AND THE SAME CHARGE PURSUANT TO 42 Pa.C.S. § 9760? [*sic*] AND WHERE THE PENNSYLVANIA BOARD O[F] PAROLE AND PROBATION TOOK 12 MONTHS "BACKTIME" FROM THE ORIGINAL CHERGE [*sic*] AT COUNT 1?

2.      DID THE LOWER COURT ERROR [*sic*] WHEN IT FAILED TO GIVE CREDIT FOR TIME SERVED AND CORRECT THE ILLEGAL SENTENCE SUA SPONTE PURSUANT TO 42 Pa.C.S. § 9760, AND [***COMMONWEALTH V. VASQUEZ***], 744 A.2d 1280, 1284 (Pa. 2000)[,] STATING "[T]RIAL COURTS NEVER RELINGUISH THEIR JURISDICTION TO CORRECT AN ILLEGAL SENTENCE"?

Appellant's Brief at vi.

Prior to addressing Appellant's issues, we must first determine whether we have jurisdiction. Appellant identified his filing underlying this appeal as a "Petition for Time Credit and Correction of the Illegal Sentence *Nunc Pro Tunc*" and the trial court construed the petition as a motion to modify Appellant's sentence. Our Supreme Court has held, however, that "the PCRA subsumes all forms of collateral relief, including *habeas corpus*, **to the extent a remedy**

---

[2] Both the trial court and Appellant have complied with Pa.R.A.P. 1925.

**is available under such enactment**." ***Commonwealth v. West***, 938 A.2d 1034, 1043 (Pa. 2007) (emphasis in original). "[A] challenge to the trial court's failure to award credit for time spent in custody prior to sentencing involves the legality of sentence and is cognizable under the PCRA." ***Commonwealth v. Fowler***, 930 A.2d 586, 595 (Pa. Super. 2007) (quotations and citations omitted). Consequently, we construe Appellant's "Petition for Time Credit and Correction of the Illegal Sentence *Nunc Pro Tunc*" to be a second or subsequent PCRA petition. We therefore consider the timeliness of the petition.[3]

"Pennsylvania law makes clear no court has jurisdiction to hear an untimely PCRA petition." ***Commonwealth v. Monaco***, 996 A.2d 1076, 1079 (Pa. Super. 2010) (quoting ***Commonwealth v. Robinson***, 837 A.2d 1157, 1161 (Pa. 2003)). A petitioner must file a PCRA petition within one year of the date on which the petitioner's judgment became final, unless one of the three statutory exceptions applies:

> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

---

[3] "[T]hough not technically waivable, a legality [of sentence] claim may nevertheless be lost should it be raised . . . in an untimely PCRA petition for which no time-bar exception applies, thus depriving the court of jurisdiction over the claim." ***Commonwealth v. Miller***, 102 A.3d 988, 995 (Pa. Super. 2014) (quotations and citation omitted).

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S.A. § 9545(b)(1). A petitioner must file a petition invoking one of these exceptions "within 60 days of the date the claim could have been presented." 42 Pa.C.S.A. § 9545(b)(2).[4] If a petition is untimely, and the petitioner has not pled and proven any exception, "'neither this Court nor the trial court has jurisdiction over the petition. Without jurisdiction, we simply do not have the legal authority to address the substantive claims.'" *Commonwealth v. Derrickson*, 923 A.2d 466, 468 (Pa. Super. 2007) (quoting *Commonwealth v. Chester*, 895 A.2d 520, 522 (Pa. 2006)).

In this case, the trial court sentenced Appellant for his violation of probation on April 10, 2013. Appellant had 30 days from the date of the judgment of sentence, or May 10, 2013, to file a notice of appeal to this Court. *See* Pa.R.A.P. 903(a) ("Except as otherwise prescribed by this rule, the notice of appeal required by Rule 902 (manner of taking appeal) shall be filed within 30 days after the entry of the order from which the appeal is taken.").

---

[4] Act 146 of 2018 amended 42 Pa.C.S.A. §9545(b)(2), effective December 2017, now provides that a PCRA petition invoking a timeliness exception must be filed within one year of the date the claim could have been presented. This amendment does not impact our disposition.

Appellant did not pursue a direct appeal. Thus, Appellant's judgment of sentence became final on May 10, 2013. ***See*** 42 Pa.C.S.A. § 9545(b)(3) (stating that a judgment of sentence becomes final "at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, **or at the expiration of time for seeking the review**"). As explained above, Appellant had one year – until Monday, May 12, 2014[5] – to file a timely PCRA petition.

Appellant filed a first *pro se* PCRA petition on August 29, 2016, for which he received counsel, but which the PCRA court ultimately denied as untimely. Appellant filed the instant PCRA petition (his "Petition for Time Credit and Correction of the Illegal Sentence *Nunc Pro Tunc*") two-and-a-half years later on February 21, 2019. Accordingly, Appellant's petition is facially untimely, and we lack jurisdiction to decide Appellant's appeal unless he pled and proved one of the three timeliness exceptions of section 9545(b)(1). ***See Derrickson***, 923 A.2d at 468.

Appellant did not attempt to plead or prove any of the timeliness exceptions of Section 9545(b)(1) in his petition. ***See*** Petition, 2/21/19. As Appellant has failed to plead and prove an exception under section

---

[5] May 10, 2014 was a Saturday. ***See*** 1 Pa.C.S.A. § 1908 ("Whenever the last day of any such period shall fall on Saturday or Sunday, . . . such day shall be omitted from the computation.").

9545(b)(1), we are without jurisdiction to address the merits of his appeal.
***See id.***

Order affirmed.[6]

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 08/16/2019

---

[6] "[W]e may affirm the PCRA court's decision on any basis." ***Commonwealth v. Charleston***, 94 A.3d 1012, 1028 (Pa. Super. 2014) (quotations and citation omitted).